**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA CANTERA DEVELOPMENT CO., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-691-XR |
| | § | |
| WESTERN RIM PROPERTY SERVICES | § | |
| and WESTERN RIM INVESTORS 2007-5 | § | |
| L.P., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ON MOTION TO DISMISS, MOTION TO EXTEND TIME,**
**& MOTION FOR SUBSTITUTE SERVICE**

On this date, the Court considered Defendants' Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (Docket Entry No. 11) and Plaintiff's Motion to Extend Time for Service, Response to the Court's Show Cause Order and Defendants' Motion to Dismiss, & Plaintiff's Motion for Substituted Service (Docket Entry No. 13). Having considered the pleadings on file, the applicable case law, and attached exhibits, the Court DENIES Defendants' motion to dismiss. In the Court's discretion, Plaintiff's motion to extend time for service is GRANTED. Plaintiff's motion for substituted service is GRANTED.

## I. Background

Plaintiff La Cantera Development Company ("LCDC") filed suit against Defendants Western Rim Property Services and Wester Rim Investors 2007-5 L.P. (collectively "Western Rim"), asserting claims for trademark infringement and unfair competition. LCDC claims to hold registered trademarks for "La Cantera" and alleges that Defendants are using the term "La Cantera" or a variant of the name in their advertising for a multi-unit real estate development in San Antonio, Texas.

Prior to the initiation of the lawsuit, LCDC had sent a letter to Western Rim Property Services about the matter to which Western Rim Property Services's counsel responded. Western Rim's counsel notified LCDC that Western Rim Property Services would be engaging new counsel for this issue. Western Rim's new counsel notified LCDC in a January 20, 2009, letter that he represented LCDC in this matter.

LCDC filed suit against Western Rim on August 21, 2009, and filed an amended complaint on October 21, 2009. Counsel for LCDC and Western Rim exchanged correspondence regarding the First Amended Complaint on November 3, 2009, and on November 20, 2009. A summons was issued to Western Rim Property Services for acceptance by its Registered Agent, Marcus D. Hiles, at 2400 N. Highway 121, Suite 107, Euless, Texas 76039, which is the address provided in the registry of the Texas Secretary of State.

LCDC attempted to serve Western Rim's registered agent on December 15, 2009. Marcus Hiles was not located at the Euless, Texas, address. LCDC's private process server inquired at different addresses associated with Western Rim properties as to where he could find Marcus Hiles but was not given the information by employees. The process server then visited Western Rim's corporate headquarters at 601 Canyon Drive, Coppell, Texas 75019. Marcus Hiles was not present, but the process server was told that a company Vice President would accept service on behalf of Western Rim. The Vice President was on a conference call, and the receptionist told the process server that the summons could be left for the Vice President at the front desk.

On January 6, 2010, the private process server again received the summons for Western Rim. He attempted to contact Marcus Hiles on January 6, 7, 8, and 9, but was unsuccessful.

## II. Procedural History

On January 4, 2010, this Court issued an order for LCDC to Show Cause as to why it had not

served the Defendants in this case.  (Show Cause Order, Jan. 4, 2010 [Docket Entry No. 8].)  The

following day, Defendants filed their motion to dismiss pursuant to Rule 12(b)(5) of the Federal

Rules of Civil Procedure.  (Def.s' Mot. to Dismiss, Jan. 5, 2010 [Docket Entry No. 11].)  LCDC

responded to the Order to Show Cause and Defendants' Motion to Dismiss.  (Pl.'s Mot. to Extend

Time for Service, Resp. to the Court's Show Cause Order & Def.s' Mot. to Dismiss, & Pl.'s Mot.

for Substituted Service, Jan. 19, 2010 [Docket Entry No. 13] ("Pl.'s Resp. & Mot.s").)  Plaintiff

moved the Court to extend time for service and for substituted service.  (*Id.*)

### III.  Defendants' Motion to Dismiss, Plaintiff's Motion to Extend the Time for Service, & Plaintiff's Response to the Court's Show Cause Order

*A.  Legal Standard*

Pending before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(5),

Plaintiff's motion to extend the time for service, and Plaintiff's response to the Court's order to show

cause.  Rule 12(b)(5) allows defendants to challenge the method of service attempted by the plaintiff.

*See* FED. R. CIV. P. 12(b)(5).  If service of process is challenged as defective, the party responsible

for serving has the burden to show that the service was valid.  *Sys. Signs Supplies v. Dep't of Justice*,

903 F.2d 1011, 1013 (5th Cir. 1990).

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on
> motion or on its own after notice to the plaintiff — must dismiss the action without prejudice
> against that defendant or order that service be made within a specified time. But if the
> plaintiff shows good cause for the failure, the court must extend the time for service for an
> appropriate period.  This subdivision (m) does not apply to service in a foreign country under
> Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m).  Courts must extend the time for service of process under Rule 4(m) if a

plaintiff shows good cause for its failure to serve the defendant within the requisite period of time. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("If good cause is present, the district court *must* extend time for service.") However, absent a showing of good cause, the Court is within its discretion to either dismiss the action without prejudice or extend the time for serve for an appropriate period. *Id.* ("If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."). An extension of time may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993).

"To establish good cause, a plaintiff has the burden of demonstrating 'at least as much as would be required to show excusable neglect . . . .'" *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Showing good cause normally requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (citing *Winters*, 776 F.2d at 1306). The Court focuses on the actions of the plaintiff that took place within the requisite period to serve the defendant. *See Winters*, 776 F.2d at 1305–06 ("It would appear to be generally irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days.").

*B. Analysis*

On December 15, 2009, LCDC attempted to serve Western Rim. Rule 4(c) of the Federal Rules of Civil Procedure requires that a summons be served "with a copy of the complaint." Fed.

4

R. Civ. P. 4(c)(1).  Moreover, only an officer or a registered agent of a corporation may be served with process.  Fed. R. Civ. P. 4(h).  Regarding Rule 4(h), the Fifth Circuit Court of Appeals has adopted the position that"the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf . . . .'"  *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007)(quoting *O'Meara v. New Orleans Legal Assistance Corp.*, No. 90-4893, 1991 WL 110401, at *2 (E.D. La. June 10, 1991)).  After failing to locate the company's registered agent at the address provided to the Texas Secretary of State, the process server left a copy of the summons for the company's Vice President with the receptionist.  Plaintiff acknowledges that service was improper, but that the "apparent improper service was not disclosed to Plaintiff until January 5, 2010, after the 120 day time limit expired when Defendants filed its Motion to Dismiss Pursuant to Rule 12(b)(5)."  (Pl.'s Resp. & Mot.s at 3.)

LCDC demonstrates a diligent effort in serving Defendants.  Aside from the improper service of December 15, 2010, Plaintiff cites attempted service on Western Rim's registered agent on January 6, 7, 8, and 9, 2010.  Notably, the Court issued its Show Cause Order on January 4, 2010, and Defendants filed their motion to dismiss on January 5, 2010, *before* LCDC made its January attempts for service.  This suit was filed on August 21, 2009, meaning the Plaintiff had more than 120 days to serve Western Rim before the Court issued its order to show cause.

The Court is within its discretion in determining that the time to extend service should be granted.  The Court notes that Defendants received the insufficient service on December 15, 2009, but concealed the defect in service until they filed their motion to dismiss on January 5, 2010.  As previously stated, concealing a defect in service can warrant an extension of time.  Fed. R. Civ. P. 4(m) advisory committee's note (1993); *cf. Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th

Cir. 2008) (quoting advisory committee note); *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. Appx. 688, 693 n.4 (5th Cir. 2008) (same). Moreover, Western Rim Property Services, Inc.'s file with the Texas Secretary of State lists an address where its registered agent does not appear to be located. *See Little v. D & D Helping Others, Inc.*, No. H-06-3295, 2008 WL 4525398, at *3 (S.D. Tex. Oct. 2, 2008) ("It is the defendant corporation's responsibility to notify the Secretary of State of any change of registered agent or address." (citing TEX. BUS. ORG. CODE §§ 5.201-02)); *K&M Tools, Inc. v. Bencon Mgt. & Gen. Contracting Corp.*, No. 14-96-916-CV, 1997 WL 605097, at *4 (Tex. App.—Houston Oct. 2, 1997, pet denied) ("Having chosen to designate a registered agent with the Secretary of State, a corporation is bound to maintain current information with the Secretary of State.") Although Plaintiff's process server made a reasonable assumption that Marcus Hiles could be located at the corporate headquarters, a litigant assumes that the address submitted to the Texas Secretary of State is the correct address.

This is also not a case in which Defendants had no notice of the litigation. An extension of the deadline for service may be warranted when plaintiffs acted reasonably and in good faith and defendants had actual notice of the litigation. *Jacob v. Barriere Const. Co., LLC*, No. 08-3795, 2009 WL 2390869, at *3 (E.D. La. July 30, 2009) (citing *In re Motel 6 Sec. Litig.*, 1995 WL 649930, at *1 (S.D.N.Y. Nov. 6, 1995). Here, Plaintiff's counsel had engaged Defendants' counsel, and they corresponded with each other on this matter. This is not a case in which an unsuspecting corporate defendant has no knowledge of court proceedings instituted against it. In a letter to Plaintiff's counsel, Defendants' counsel declares: "We have been retained to represent Western Rim Investors 2007-5 L.P. ("Western Rim") in its dispute with La Cantera Development Company ("LCDC") regarding Western Rim's use of the name 'The Estates of Cantera.'" (Pl.'s Resp. & Mot.s appx. ex.

E.)  In an e-mail acknowledging that he is not authorized to accept service on behalf of Defendants, Defendants' counsel states: "Western Rim disagrees with the assertions stated in your letter and in your client's *Amended Complaint*."  (*Id.* ex. G.) (emphasis added).

The facts of this case demonstrate that dismissal is not warranted pursuant to Rule 12(b)(5) and Rule 4.  In the Court's discretion, and in light of the aforementioned factors, the Court DENIES Plaintiff's motion to dismiss and GRANTS Plaintiff's motion for an extension of time to serve Defendants.  LCDC shall serve Western Rim Property Management and Western Rim Investors 2007-5 L.P. no later than March 1, 2010.

## IV.  Plaintiff's Motion for Substitute Service

*A.  Legal Standard*

As Defendants are individuals within a judicial district of the United States, service upon them is governed by Rule 4(e) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 4(e). Pursuant to that rule, service of process may be effected by: (1) serving the defendant pursuant to the laws of the state in which he is located, in this case Texas; (2) personal service upon the defendant; (3) leaving copies of the service documents at the defendant's residence with a person of suitable age and discretion; or (4) delivering the service documents to an agent of the defendant authorized to accept service by appointment or by law.  *Id.*

Rule 106(a) of the Texas Rules of Civil Procedure state that service of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested.  TEX. R. CIV. P. 106(a).  Rule 106(b) reads that if either of the two aforementioned methods are unsuccessful,

Upon motion supported by affidavit stating the location of the defendant's usual place of

business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under [either method in Rule 106(a)] at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

## B. Analysis

The Court recognizes that Western Rim appears to have attempted to evade service of process during LCDC's late, but diligent, efforts to serve Western Rim's registered agent. On January 6, 2010, LCDC's process server visited Western Rim's corporate headquarters and was told that the registered agent was not in the office and that the company did not accept service of process by private process servers. (Pl.'s Resp. & Mot.s appx. ex. H.) Attempts to contact the registered agent on January 7, 8, and 9, 2010, were also unsuccessful. (*Id.*) On January 9, the process server was again told that Western Rim did not want private process servers attempting to serve the company or its agents at the corporate headquarters. (*Id.*) A picture of the front door shows a sign posted that reads: "No Private Process Servers." (*Id.* ex. H attach. 1.)

Rule 4(c) explicitly declares: "Any person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c)(2). The Court notes that Defendants' evasive actions may be premised on a belief that having its registered agent avoid Plaintiff's process server following the issuance of the Court's Show Cause Order and the filing of their motion to dismiss would alleviate them from any liability on this matter. Plaintiff's process server was allowed to leave the summons on December 15, but was then told in January that Defendants only received

service from sheriffs and constables. (Pl.'s Resp. & Mot.s appx. ex. H.) In light of Defendants' actions, and in light of the Court granting Plaintiff's an extension of time to serve Defendants, the Court will GRANT Plaintiff's motion for substituted service.

Upon receipt of an affidavit satisfying Rule 106(b), the Court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). The affidavit provided by Plaintiff's process server describes the specific address where Defendants' registered agent is located, the dates and times of attempted service, and includes an attachment to show that Western Rim's corporate headquarters refuses service from private process servers. Given the inability of the process server to enter the premises, it is unlikely that a person could leave a copy of the summons and complaint with any person over the age of 16 at that location, therefore, service cannot be executed in accordance with Rule 106(b)(1). The Court will therefore order service in a manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. *See* Tex. R. Civ. P. 106(b)(2); *Forney v. Jorrie*, 511 S.W.2d 379, 384 (Tex. Civ. App.—San Antonio 1974, writ ref'd n.r.e.). The Court has been presented with cases in which a method of service similar to the methods proposed by TFC has been ordered. *See Evergreen Nat'l Indem. Co. v. Herndon*, No. 3:07-CV-0184-B ECF, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007) (placing copy of summons and complaint on front gate of home); *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.) (describing substitute service by placing citation, petition, and copy of trial court's order on front door); *Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ) (recognizing general rule that service on attorney is not sufficient to effect service on principal but allowing substitute service

on attorney in situation where client could not be located).

## V.  Conclusion

In accordance with the Court's discretion pursuant to Rule 4 of the Federal Rules of Civil Procedure, Defendants' motion to dismiss pursuant to Rule 12(b)(5) is DENIED and Plaintiff's motion to extend the time for service is GRANTED.  Plaintiff's motion for substitute service is GRANTED.

It is ORDERED that Plaintiff shall serve Defendants no later than March 1, 2010.

It is ORDERED that Defendants may be served by any person who is at least 18 years old and not a party to the suit, pursuant to Rule 4(c)(2), with service of process in this case by (a) posting a copy of the summons, complaint, and this order to the front door of Defendants' headquarters located at 601 Canyon Drive, Suite 101, Coppell, Texas 75019; AND (b) mailing copies of the summons, complaint, and this order by first class mail, postage prepaid, to Defendants' headquarters located at 601 Canyon Drive, Suite 101, Coppell, Texas 75019; AND (c) serving the documents on Defendants' counsel in this matter, Bill Barber, located at 600 Congress Avenue, Suite 2120, Austin, Texas 78701.  If TFC effects service in this manner, the return of service should provide details showing that the process server complied with these instructions.

It is further ORDERED that the foregoing substitute service method shall not be considered exclusive and that service of a copy of the summons and complaint may be effected by other means authorized by Rule 4 of the Federal Rules of Civil Procedure.

It is so ORDERED.

SIGNED this 29th day of January, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE